THE PAWTUXET BAPTIST SOCIETY *vs.* CALEB A. JOHNSON.

PROVIDENCE, JUNE 1, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A deed contained a clause specifying the use to which the granted estate should be put, limiting the price for which it might be afterwards sold, and requiring the proceeds of such sale to be used in a particular manner; it did not appear that the consideration was inadequate, or that the grantor had any interest in having the limitations observed:—

*Held,* that the deed conveyed to the grantee an absolute estate in fee simple.

BILL IN EQUITY for specific performance. The complainant was seized of the land and buildings described in the pleadings, under a deed containing the clause recited in the opinion of the court; it had contracted with the respondent for a mortgage loan upon the property, but, on tender of the note and mortgage the respondent declined to make the loan, on the ground that complainant's title was not good because of this clause in its deed. Heard on the pleadings and proofs.

PER CURIAM. In July, 1872, William Butler conveyed certain land to the complainant by warranty deed. Following the description was this clause: "This estate is conveyed to said society for the purpose of a parsonage, and cannot be disposed of at less price than is named ($3,500) in

this deed, and if sold, those funds are to be wholly for the purpose of building or purchasing a different place to be used or controlled by said Society for the same purpose and for no other."

Our opinion is that the deed conveyed an absolute estate in fee simple. It does not appear that the consideration was inadequate or that the grantor had any interest in having the land used for the purpose named. *Field* v. *City of Providence*, 17 R. I. 803; *Durfee, Petitioner*, 14 R. I. 47; *Greene* v. *O'Connor*, 18 R. I. 56; *Rawson* v. *School District*, 7 Allen, 125.

*Ambrose Choquet*, for complainant.
*Irving Champlin*, for respondent.